**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAMION BROMFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 08-1639 (RMC)** |
| | ) |
| **JULIE MYERS , *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff Damion Bromfield filed this action for injunctive relief while detained at the

Department of Homeland Security's Northwest Detention Center ("NWDC") in Tacoma,

Washington. He challenges the policies of Immigration and Customs Enforcement ("ICE") that

allegedly prohibit detainees from possessing pens in their cells and receiving newspaper or magazine

subscriptions. Mr. Bromfield names as defendants five high-level ICE officials and former DHS

Secretary Michael Chertoff. The defendants have moved collectively to dismiss the complaint under

Federal Rule of Civil Procedure 12(b)(1) as moot [Dkt. No. 11]. Upon consideration of the parties'

submissions, the Court will grant the Defendants' motion to dismiss.

Under Rule 12(b)(1), a court has "an affirmative obligation to ensure that it is acting

within the scope of its jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp.2d 1, 5 (D.D.C.

2004) (citation and internal quotation marks omitted). Because Article III of the U.S. Constitution

limits federal courts to deciding "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317,

108 S.Ct. 592, 98 L.Ed.2d 686 (1988), a court must refrain from deciding a case if events have

transpired such that the decision will neither "presently affect the parties' rights nor have a

more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (citation and internal quotation marks omitted). A case is moot if a defendant can demonstrate that two conditions have been met: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable expectation that the alleged wrong(s) will be repeated. *Doe v. Harris*, 696 F.2d 109, 111 (D.C. Cir. 1982) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). When both conditions are satisfied, the case is moot because neither party has a legally cognizable interest in the final determination of the underlying facts and law. *See id*. While a defendant's voluntary cessation of a challenged practice does not deprive a federal court of jurisdiction, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), "[t]he case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.' " *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (quoting *United States v. Aluminum Co. of Am.*, 148 F.2d 416, 448 (2d Cir. 1945)).

The Defendants assert that the case is moot because Mr. Bromfield has been released on bail and therefore is no longer at NWDC. Moreover, they have shown that even if Mr. Bromfield were returned to the facility, the alleged deprivations are not capable of repetition because detainees at NWDC are allowed to possess pens and to subscribe to publications subject to reasonable guidelines. Def.'s Ex. B, Declaration of Thomas P. Giles ¶¶ 4-5. Accordingly, the defendants' Rule 12(b)(1) motion to dismiss is granted. A separate Order accompanies this Memorandum Opinion.

Date: February 13, 2009

_____/s/_____

ROSEMARY M. COLLYER
United States District Judge